UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE EDWARD JOHNSTON : | | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:13-CV-00073 (JCH) |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, | : | |
| ACTING COMMISIONER, | : | MARCH 31, 2014 |
| SOCIAL SECURITY | : | |
|     Defendant. | : | |

**RULING RE: DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDED RULING (Doc. No. 15)**

**I.     INTRODUCTION**

On March 5, 2014, defendant, Acting Commissioner of Social Security ("SSA"), filed an objection to Magistrate Judge Holly B. Fitzsimmons' February 20, 2014 Recommended Ruling.  Defendant's Objection to Magistrate Judge Holly B. Fitzsimmons' Recommended Ruling ("Def.'s Obj.") (Doc. No. 15).  The Magistrate Judge recommended remand of the adverse decision of Administrative Law Judge James E. Thomas ("ALJ") on a number of grounds.  Recommended Ruling ("Ruling") (Doc. No. 14).

SSA requests that the court decline to adopt the Recommended Ruling and instead affirm the decision of the Commissioner.  Id. at 6.  Plaintiff George Edward Johnston submitted a response to SSA's objection on March 19, 2014.  Plaintiff's Response to Defendant's Objections to the Magistrate Judge's Report and Recommendation ("Pl.'s Obj.") (Doc. No. 16).

For the reasons below, SSA's objection is **OVERRULED** and the Recommended Ruling is **AFFIRMED** and **ADOPTED**.

1

## II.  STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, the court reviews de novo those parts of a recommended ruling to which a timely objection is made.  See Fed. R. Civ. P. 72(b)(3).  Accordingly, the court may adopt, reject, or modify, in whole or in part, the recommended ruling.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  See id.; 28 U.S.C. § 636(b)(1).

An objecting party, however, is required to identify the specific portions of the recommended ruling to which he objects.  See Pall Corp. v. Entegria, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).  Where the objecting party simply reiterates her original argument, the court reviews the Magistrate Judge's recommended ruling only for clear error.  See id.; Burgos v. Astrue, No. 309-CV-1216VLB, 2010 WL 3829108, at *1 (D. Conn. Sept. 22, 2010).  Ordinarily, even on de novo review of a party's specific objections, a court will not consider case law, evidence, or arguments that could have been, but were not, presented to the Magistrate Judge.  See J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc., 659 F. Supp. 2d 350, 353 (E.D.N.Y. 2009) (internal quotation marks and citation omitted).

In reviewing a final decision by the SSA, the court is limited to determining whether the SSA's conclusions are (1) based on legal error or (2) unsupported by substantial evidence in the record.  See Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013).  Substantial evidence is more than a "mere scintilla:" it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted).  In applying the substantial evidence standard to the administrative record, "the reviewing court is required to examine the entire record, including contradictory evidence and

evidence from which conflicting inferences can be drawn." Id. The focus of review is on the administrative ruling by the ALJ. See id. Absent legal error, the court may not reverse the decision of the SSA if it is supported by substantial evidence. See id.

## III. DISCUSSION

The court assumes familiarity with Judge Fitzsimmons's Recommended Ruling, which describes in greater detail the factual and procedural background of this case.

SSA objects to Judge Fitzsimmons' Recommended Ruling on two grounds. First, SSA argues that Judge Fitzsimmons erred in finding that the ALJ did not adequately explain his decision for giving little weight to Johnston's treating physician's opinion. Def.'s Obj. at 1-2. Second, SSA contends that the Recommended Ruling's conclusion that the opinions of the State agency physicians were not properly supported by the record was erroneous. Id. at 4-5.

### A. Treating Physician Opinion

"The opinion of a treating physician on the nature or severity of a claimant's impairments is binding if it is supported by medical evidence and not contradicted by substantial evidence in the record." Selian v. Astrue, 708 F.3d 409, 418 (2d Cir. 2013). If a treating physician's medical opinion is not supported by medical evidence and is inconsistent with substantial evidence in the record, it will not be given controlling weight. Poupore v. Astrue, 566 F.3d 303, 307 (2d Cir. 2009); 20 C.F.R. § 404.1527(c)(2); id. § 416.927(c)(2). However, even if a treating physician's opinion is not controlling, the ALJ must still determine how much weight the opinion will receive. Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008). To make this determination, the ALJ must consider several factors, including the length of the treatment relationship and frequency of examination, the amount of medical evidence supporting the opinion, the

3

consistency of the opinion with the remaining medical evidence, and whether the physician is a specialist.  Id.; Selian, 708 F.3d at 418; 20 C.F.R. § 404.1527(c)(2)(i)-(ii); id. § 404.1527 (c)(3)-(c)(6); id. § 416.927(c)(2)(i)-(ii); id.(c)(3)-(c)(6).   In according weight to a treating physician's opinion, the ALJ must give "good reasons"—i.e., reasons supported by evidence in the case record and sufficiently specific to make clear the weight given and the reasons for that weight—for his decision.  SSR 96-2P, 1996 WL 374188, at *5 (July 5, 1996); see also Blakley v. Commissioner of Social Sec., 581 F.3d 399, 406-06 (6th Cir. 2009).  "Failure to provide . . . good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand."  Burgess, 537 F.3d at 129-30 (internal quotation marks and citations omitted).

SSA argues that the Recommended Ruling was mistaken in holding that the ALJ failed to consider how much evidence in the record supported the medical opinion of Dr. Schwarz, Johnston's treating physician.  Def.'s Obj. at 2.  SSA asserts that the Recommended Ruling, in fact, found that the ALJ had considered this factor and that he had properly determined that the treating physician's opinion was unsupported by and inconsistent with the objective medical evidence.  Id. at 2-3.  In so arguing, SSA appears to erroneously collapse the two-step analysis of treating physician opinions outlined in Burgess, Selian, and sections 404.1527(c) and 416.927(c), into one step.

While the Magistrate Judge did find that the ALJ correctly declined to assign controlling weight to Dr. Schwarz's opinion because it was not supported by and was inconsistent with the objective medical evidence in the record, she also determined that it was not apparent from the ALJ's decision whether the ALJ, in deciding to give Dr. Schwarz's opinion "little weight," had considered evidence in the record supporting that

4

opinion.  Ruling at 58, 61-62.  This determination by the Magistrate Judge was not error.  In reasoning that Dr. Schwarz's opinion merited "little weight," the ALJ recounted only those aspects of the opinion that were inconsistent with the weight of the objective medical evidence, Johnston's treatment history, and Johnston's testimony.  Transcript of the Administrative Record ("R.") at 33.  The ALJ's decision, as the Recommended Ruling notes, neglected to acknowledge objective medical evidence in the record that did support Dr. Schwarz's opinion.  Ruling at 62.  Failing to do so necessarily means that the ALJ's analysis of how much weight to ascribe to Dr. Schwarz's opinion was lacking.

SSA also claims that Judge Fitzsimmons erred in finding that the ALJ, when weighing Dr. Schwarz's opinion, had not considered the length and frequency of Johnston's treatment relationship with Dr. Schwarz.  Def.'s Obj. at 2.  SSA insists that ALJ"s acknowledgment of Dr. Schwarz's "significant history" with Johnston, as well as its characterization of Dr. Schwarz as a "treating physician," reveals that the ALJ did consider this factor.  Id.

This court disagrees.  The ALJ's decision does not specifically observe that Dr. Schwarz and Johnston had a "significant" treatment history; by the court's reading, the decision's reference to a "significant history" is unrelated to its account of Dr. Schwarz's treatment of Johnston:

> The medical evidence of record does contain a significant history of subjective complaints of back pain, along with clinical signs and findings from . . . Alan Schwarz, M.D. indicating pain and tenderness in the claimant's lower back and extremities . . . .

R. at 31; see also Def.'s Obj. at 2 (citing R. at 31 as acknowledging Dr. Schwarz's "significant history" with Johnston).  Further, while the decision does, in passing, refer

5

to Dr. Schwarz as Johnston's "treating physician," it provides no basis for characterizing Dr. Schwarz as such.  R. at 32.  The court cannot conclude that this passing reference suffices to show that the ALJ considered the length and frequency of Dr. Schwarz's treatment relationship with Johnston as sections 404.1527(c) and 416.927(c) require.

      The Recommended Ruling, thus, was correct in concluding that the ALJ's decision was unclear on whether "the ALJ considered all of the factors enumerated in the regulations."  Ruling at 61.  Because failure to provide "good reasons" for not crediting a treating physician opinion permits remand, Burgess, 537 F.3d at 129-30 (internal citation marks omitted), Judge Fitzsimmons did not err in remanding the case to ensure that "all of the factors were given appropriate consideration."  Ruling at 62-63.

B.      <u>State Agency Physicians' Opinions</u>

      SSA argues that the Recommended Ruling erred in finding that the opinions of the State agency consultants, which the ALJ gave "great" and "significant" weight, were not fully supported by the record.  Def.'s Obj. at 4.  SSA contends that substantial evidence supports the weight the ALJ gave to these opinions.  Id.  Judge Fitzsimmons, however, found no evidence in the record to corroborate consultant Dr. Khurshid Khan's conclusion that Johnston "could walk and sit for a total of 6 hours in an 8 hour workday," or the opinions of both Dr. Khan and Dr. Firooz Golkar that Johnston could "frequently" climb stairs.  Ruling at 51, 64-65.  She determined that these opinions were inconsistent with testimony from Johnston, other statements in the record Johnston made regarding his limitations, Johnston's treatment history, and the medical opinion of Dr. Loretta Pilagin, who treated Johnston.  Id. at 64-65.  While the objective medical evidence referenced in the ALJ's decision may support a finding that Johnston's back pain was

less severe than he testified, it does not provide a basis for the ALJ to have concluded that the opinions of Dr. Khan and Dr. Golkar on this matter were supported by substantial evidence. R. at 29-32. While SSA notes that the ALJ was not required to accept Johnston's testimony because he found reason to doubt its credibility, nothing in the ALJ's decision suggests that he had any reason, aside from the consultants' opinions, to discredit Johnston's testimony on the length of time that he could walk and sit or how often he could climb stairs. Def.'s Obj. at 4-5.

SSA suggests that the Magistrate Judge based her finding that the weight given to the consultants' opinions was not justified by the record on the fact that the consultants did not examine Johnston. Def.'s Obj. at 4. The Recommended Ruling, however, does not reflect this. As discussed above, the Magistrate Judge determined that the dearth of support for certain conclusions reached by the consultants undermined their opinions. Ruling at 64-65. Judge Fitzsimmons also acknowledged that the regulations and caselaw both advise that reports of medical advisors who have not examined the claimant "generally be afforded relatively little weight in the overall disability determination." Freegard v. Astrue, No. 1:11CV12, 2011 WL 4915744, at * 7(D. Vt. Sept. 20, 2011); Ruling at 65. The ALJ credited the consultants' opinions because of their consistency with the objective medical evidence and Johnston's treatment history and testimony, and declined to afford much weight to Dr. Schwarz's opinion because of its inconsistency with this record. R. at 32-33. He did not consider the effect of Dr. Schwarz's treatment relationship—and the consultants' lack of such a relationship—in weighing these opinions. In light of the Recommended Ruling's finding that the consultants' opinions were not entirely consistent with the record, it was not

7

legal error for Magistrate Judge to have remanded the case for the ALJ to account for the difference in Dr. Schwarz and the consultants' familiarity with Johnston in weighing their opinions. See Freegard, 2011 WL 4915744 at * 7 (observing that the findings of non-examining analysts should generally be afforded relatively little overall weight and that the ALJ should have considered the effect of the treating physician's relationship with the claimant and the non-examining physician's lack of such a relationship on the comparable weighing of the medical opinions).

SSA takes issue with the Recommended Ruling's conclusion that Dr. Pilagin's opinion undermined the consultants' opinions; SSA argues that Dr. Pilagin's opinion, and the evidence supporting it, did not relate to the period at issue in the consultants' opinions, and thus could not undermine them. Def.'s Obj. at 4. Johnston, however, contends that Dr. Pilagin gave a valid retrospective opinion relating back to this period. Pl.'s Obj. at 3. The period at issue in Dr. Khan's opinion is October 31, 2008—Johnston's alleged onset date—through January 20, 2011—the date of Khan's opinion. R. at 72, 80. The relevant period for Dr. Golkar's consultation is October 31,2008 through April 21, 2011. Id. at 101. Dr. Pilagin dates the onset of Johnston's lumbar degenerative disc disease symptoms to 1999, and symptoms related to his other diagnoses to 2011. Id. at 840. Dr. Pilagin's opinion, thus, does relate to the period relevant to the consultants' opinions. As Dr. Pilagin's opinion was not before the ALJ, the ALJ's decision did not evaluate how much weight her retrospective opinion should carry. See Campbell v. Barnhart, 178 F.Supp.2d 123, 135 (D. Conn. 2001) (noting that a treating physician's retrospective opinion is binding on the ALJ unless contradicted by other medical evidence or overwhelmingly compelling non-medical evidence). Thus,

the Recommended Ruling did not err in ordering that the ALJ consider Dr. Pilagin's opinion on remand.

## IV. CONCLUSION

For the reasons stated above, the court **OVERRULES** SSA's Objection (Doc. No. 15) and **ADOPTS** Judge Fitzsimmons' Recommended Ruling (Doc. No. 14).

**SO ORDERED.**

Dated at New Haven, Connecticut this 31st day of March, 2014.

/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge